United States District Court
Southern District of Texas
**ENTERED**
August 12, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIS CAPROCK COMMUNICATIONS, INC., § § § | | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-0130 |
| | § | |
| TRIPPE MANUFACTURING COMPANY d/b/a TRIPP LITE d/b/a TRIPP LITE HOLDINGS INC., | § § § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

This products liability case is before the Court on the Motion for Continuance [Doc. # 31] filed by Plaintiff Harris Caprock Communications, Inc. ("Harris Caprock"). Plaintiff seeks an extension of all deadlines, and seeks to designate a new rebuttal expert witness. Defendant Trippe Manufacturing Company d/b/a Tripp Lite ("Tripp") filed a Response [Doc. # 33]. Trippe does not oppose an extension of the remaining deadlines in the case, but opposes Harris Caprock's request to designate a new expert. Based on the Court's review of the record and the applicable legal authorities, the Court exercises its discretion to grant Plaintiff's Motion for Continuance in all respects.

This case arises out of a fire that occurred on March 3, 2013, at Plaintiff's global headquarters in Harris County, Texas. Harris Caprock alleges that a short

circuit in the internal battery wiring of a Tripp Lite power supply product caused the fire. Plaintiff asserts claims for strict products liability and breach of implied warranties, and seeks damages in excess of $1,000,000.00.

On May 11, 2015, the parties appeared for an initial pretrial and scheduling conference. With input from and the agreement of counsel, the Court entered a Docket Control Order [Doc. # 22] establishing pretrial deadlines. The deadline for Plaintiff to designate expert witnesses and provide expert reports was December 11, 2015. Defendant were required to designate expert witnesses and provide expert reports by February 11, 2016, and Plaintiff was allowed to provide supplemental reports from existing experts by February 26, 2016. Plaintiff designated experts by the December 11, 2015 deadline.

Defendant requested and obtained an extension to May 11, 2016, of its deadline to designate expert witnesses and provide expert reports. *See* Amended Docket Control Order [Doc. # 30]. The Court also extended the deadline for Plaintiff to provide "rebuttal opinions of disclosed experts" by May 5, 2016.

On April 4, 2016, almost four months after the deadline for Plaintiff to designate experts, Defendant informed Plaintiff that it intended to perform metallurgical testing during a third laboratory examination of the physical evidence from the fire scene. Experts previously designated by both parties attended the testing

on April 21, 2016. Additionally, Thomas Eagar, Sc.D. attended the testing at the request of Harris Caprock.

On May 25, 2016, Plaintiff produced a rebuttal expert report prepared by its existing expert, KR Davis, designated Eagar as a new rebuttal expert, and produced his rebuttal report. On May 27, 2016, Defendant requested that Plaintiff withdraw Eagar as a rebuttal expert because only rebuttal opinions from existing experts were allowed under the Amended Docket Control Order. Plaintiff then filed the pending Motion for Continuance.

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure, entitled "Time to Disclose Expert Testimony," provides that evidence intended "solely to contradict or rebut evidence of the same subject matter identified by another party" must be disclosed within 30 days after the other party's disclosure unless the court orders otherwise. *See* FED. R. CIV. P. 26(a)(2)(D)(ii). Although Defendant is correct that the Court's original and Amended Docket Control Orders provided a deadline only for rebuttal opinions from existing experts, the Court finds in this case that the interests of justice strongly favor allowing Plaintiff to designate Eagar and offer his testimony. Defendant did not advise Plaintiff of its intent to conduct the metallurgical test, a third laboratory examination of evidence from the fire scene, until well after Plaintiff's deadline to designate experts expired. Additionally, any potential prejudice to

Defendant can be cured by granting Trippe's request in its Response that, if the Court allows the designation of Eagar as an expert for Plaintiff, Defendant be allowed "30 days to designate a responding expert." *See* Response, p. 5.

For the reasons stated herein and in the interests of justice and the search for truth, the Court exercises its discretion to grant Plaintiff's Motion for Continuance. To avoid potential prejudice to Defendant, the Court will issue a new schedule with adequate time for Defendant either to designate a new expert or to obtain supplemental reports from its existing experts. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Continuance [Doc. # 31] is **GRANTED**. Plaintiff is permitted to offer Eagar's expert testimony, consistent with his current report, in all respects. It is further

**ORDERED** that the following new schedule applies in this case:

| | |
|---|---|
| Defendant's designation of new expert or production of supplemental reports from existing experts | September 12, 2016 |
| IF Defendant designates a new expert, Plaintiff's rebuttal opinions from existing experts only | October 3, 2016 |
| Discovery Deadline | November 15, 2016 |
| Motions Deadline | December 16, 2016 |
| Mediation Deadline (required) | February 27, 2017 |

    Joint Pretrial Order                              March 17, 2017

    Docket Call (3:00 p.m.)                     March 27, 2017

SIGNED at Houston, Texas, this **12th** day of **August, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE